# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:12-cv-005-RLV
# (5:08-cr-10-RLV-CH-2)

| | |
|---|---|
| TIMOTHY RAY MCMEANS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | 60-DAY ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on Petitioner's Motion to Amend/Correct Motion to Vacate, (Doc. No. 2).

On February 9, 2009, Petitioner pled guilty to one count of conspiracy to distribute cocaine and methamphetamine, in violation of 21 U.S.C. 846. Petitioner was designated as a Career Offender under U.S.S.G. § 4B1.1, and this Court sentenced Petitioner to 140 months imprisonment. In the Section 2255 petition, filed on January 19, 2012, Petitioner alleges that he is entitled to relief in light of Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), and the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because he did not have the predicate felonies necessary for a Career Offender enhancement.

Petitioner has signed the motion to vacate under penalty of perjury. The motion to vacate appears to be untimely, as it was not filed within one year of the date on which Petitioner's conviction became final. Petitioner appears to contend, nevertheless, that the motion is timely because it was filed within one year of Simmons.

The Court determines that the United States Attorney shall file a response to Petitioner's

allegations. The Court will direct that the United States file an Answer or other responsive pleading to the Section 2255 motion to vacate within sixty (60) days.

Finally, on February 7, 2013, Petitioner filed a Motion to Amend the Section 2255 Motion to Vacate, in which he seeks to amend the motion to vacate to add a claim that his sentence based on his Career Offender designation violated his Due Process rights because the sentence was based on materially false information. In essence, Petitioner seeks to reframe his Simmons claim in terms of a violation of his Due Process rights.

The amendment of § 2255 pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Rule 15(a) provides that a party may amend its pleading once as a matter of course within 21 days or within 21 days after service of a responsive pleading. FED. R. CIV. P. 15(a)(1). In all other cases, a party must seek leave to amend. FED. R. CIV. P. 15(a)(2). The Court will grant the motion to amend and further finds that the Section 2255 petition shall adopt and incorporate the arguments presented in the motion to amend.

**IT IS, THEREFORE, ORDERED** that

1. No later than sixty (60) days, the United States Attorney shall file an Answer or other responsive pleading to Petitioner's Motion to Vacate.

2. Petitioner's Motion to Amend/Correct Section 2255 petition, (Doc. No. 2), is **GRANTED**.

Signed: February 19, 2013

Richard L. Voorhees
United States District Judge