DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-005-RLV
(5:08-cr-010-RLV-CH-2)

| | | |
|---|---|---|
| TIMOTHY RAY MCMEANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct

Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response to

Petitioner's Motion to Vacate, (Doc. No. 5). For the reasons that follow, Petitioner's Section

2255 motion will be dismissed as untimely.

## I.  BACKGROUND

On February 27, 2008, a federal grand jury sitting in the Western District of North

Carolina charged Petitioner with intent to distribute cocaine and methamphetamine, in violation

of 21 U.S.C. § 846. (Case No. 5:08cr10, Doc. No. 21: Indictment). Shortly after the indictment

was returned, the Government filed an information noticing Petitioner's two prior convictions for

felony possession to distribute controlled substances. (Id., Doc. No. 31: Information). Petitioner

faced six to eight months of imprisonment on each of these convictions. (Id., Doc. No. 116 at ¶¶

44-45: PSR).

On April 1, 2008, Petitioner entered into a plea agreement with the Government, in which

he agreed to plead guilty to the conspiracy charge and, in exchange, the Government agreed to

file a revised § 851 information noticing only one of Petitioner's prior convictions. (Id., Doc.

No. 65: Plea Agreement).  With the guilty plea and the revised § 851, Petitioner acknowledged that he faced a statutory minimum sentence of twenty years' imprisonment.  (Id., Doc. No. 65 at 1).  As part of his plea agreement, Petitioner waived his rights to challenge his conviction or sentence on appeal or in any post-conviction motion except for claims of ineffective assistance of counsel or prosecutorial misconduct.  See (Id., Doc. No. 65 at ¶ 17).

Before sentencing, a probation officer prepared a pre-sentence report ("PSR") calculating Petitioner's offense level at 29, based on the drug amounts set forth in the plea agreement and a reduction for acceptance of responsibility.  (Id., Doc. No. 116).  However, the probation officer also recommended that Petitioner be sentenced as a career offender under U.S.S.G. § 4B1.1, based on his two prior convictions for felony drug possession.  (Id., Doc. No. 116).  As a career offender, Petitioner faced an offense level 34, criminal history category VI, and an advisory guideline range of 262-327 months.  If he were not a career offender, Petitioner would have faced a statutory minimum sentence of twenty years and, with an offense level 29 and criminal history category IV, an advisory guideline range of 121-51 months.

After issuance of the PSR but before sentencing, the Government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) based on Petitioner's substantial assistance.  (Id., Doc. No. 150: Sealed Motion for Downward Departure).  The Government recommended a departure of five levels from the career offender guideline range, to an offense level 28, with an advisory range of 151-88 months' imprisonment.  (Id.).  This Court granted the motion at the sentencing hearing and sentenced Petitioner to 140 months' imprisonment, a sentence lower than that requested by the Government.  See (Id., Doc. No. 167).  The Court entered the judgment on February 18, 2009, and Petitioner did not appeal.  (Id.).

Almost three years later, Petitioner filed the instant § 2255 petition on January 19, 2012,

seeking relief from his designation as a career offender under <u>United States v. Simmons</u>, 649

F.3d 237 (4th Cir. 2011).  Petitioner also contends that his petition is timely because the petition

was filed within one year of <u>Simmons</u>.  Petitioner later amended his motion to frame his

<u>Simmons</u> challenge as a due process violation under <u>Hicks v. Oklahoma</u>, 447 U.S. 343 (1980).

## II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to

promptly examine motions to vacate, along with "any attached exhibits and the record of prior

proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the

claims set forth therein.  After examining the record in this matter and the Government's

Response, the Court finds that the motion to vacate can be resolved without an evidentiary

hearing based on the record and governing case law.  <u>See</u> <u>Raines v. United States</u>, 423 F.2d 526,

529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

(the "AEDPA").  Under the AEDPA, there is a one-year statute of limitations for filing a motion

for collateral relief.  Section 2255(f) provides:

(f)      A 1-year period of limitation shall apply to a motion under this section. The

limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action

in violation of the Constitution or laws of the United States is removed, if the movant was

prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if

that right has been newly recognized by the Supreme Court and made retroactively

applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been

discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As noted, the Court entered the judgment on February 18, 2009, and

Petitioner did not appeal. Because Petitioner filed his motion to vacate almost three years later,

his motion is clearly untimely under § 2255(f)(1), nor is the petition timely under § 2255(f)(3) or

§ 2255(f)(4) based on the fact that the petition was filed within one year of Simmons.

First, § 2255(f)(3) does not apply because Simmons is not a Supreme Court opinion made

retroactive on collateral review. Next, to the extent that Petitioner contends that Simmons

constitutes a new "fact," triggering the re-opening of the one-year time period under §

2255(f)(4), "facts" as used in Section 2255(f)(4) refers to an actual or alleged event or

circumstances, not to the date a petitioner recognizes its legal significance. See United States v.

Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005). Section 2255(f)(4), therefore, may not be used to re-

open the time period for filing an initial Section 2255 petition on the basis of new legal authority;

rather "subsequent interpretations of the law 'can be the basis of delay in filing a § 2255 motion

only in accordance with § 2255(f)(3).'" Sun Bear v. United States, 644 F.3d 700, 702 n.5 (8th

Cir. 2011) (en banc) (quoting district court opinion). Because Section 2255(f)(4) does not serve

to re-open the time period for filing an initial Section 2255 under these circumstances, it does not

render Petitioner's motion timely. Accord McLeod v. United States, No. 5:12cv622, 2013 WL

831633 (E.D.N.C. Mar. 6, 2013) (petitioner's motion to vacate seeking Simmons relief was not

timely under Section 2255(f)(4)). In sum, Petitioner's motion to vacate is time-barred.

Furthermore, even if the Court were to apply equitable tolling in this case, Petitioner would still

not be entitled to <u>Simmons</u> relief because he received a sentence that was less than the statutory maximum sentence allowed even without the sentencing enhancement.  See <u>United States v. Powell</u>, 691 F.3d 554, 563 n.2 (4th Cir. 2012) (King, J., dissenting in part and concurring in the judgment in part).

The Court further finds that Petitioner's alleged due process violation based on <u>Hicks</u> also fails.  In <u>Hicks</u>, the Supreme Court held that the due process clause is violated when the sentencing court is erroneously deprived of any discretion to sentence a defendant below an erroneously applied statutory mandatory minimum sentence.  <u>Hicks</u>, 447 U.S. 343.  Here, by contrast, the Government's motion for a downward departure based on U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) allowed the Court to sentence Petitioner below the twenty-year statutory minimum.  Thus, this Court was not deprived of any discretion, Petitioner received a sentence below that statutory minimum, and Petitioner is not entitled to relief under <u>Hicks</u>.[1]

Finally, even if the petition had been timely filed, Petitioner explicitly waived in his plea agreement his right to challenge his sentence in a post-conviction proceeding, aside from ineffective assistance of counsel and prosecutorial misconduct claims.  Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily.  See <u>United States v. Lemaster</u>, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary.").  Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his

---

[1] Furthermore, as Respondent notes, the sentence that Petitioner ultimately received was within the advisory guideline range he would have faced without application of the offender enhancement.

waiver of his right to challenge his sentence in a § 2255 post-conviction proceeding. Petitioner's

Simmons claim does not present either a claim of ineffective assistance of counsel or a claim of

prosecutorial misconduct. Accordingly, neither of the exceptions to his waiver applies and, even

if not time-barred, his § 2255 motion would be subject to dismissal because he waived his right

to bring this challenge.

## IV.     CONCLUSION

In sum, Petitioner's § 2255 is dismissed as untimely.

**IT IS THEREFORE ORDERED THAT**:

1.     Petitioner's Section 2255 motion, (Doc. No. 1), is dismissed with prejudice as

untimely.

2.     **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules

Governing Section 2254 and Section 2255 Cases, this Court declines to issue a

certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell,

537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must

demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473,

484 (2000) (when relief is denied on procedural grounds, a petitioner must

establish both that the dispositive procedural ruling is debatable and that the

petition states a debatable claim of the denial of a constitutional right).


Signed: April 26, 2013

Richard L. Voorhees
United States District Judge